ARRIVALS, LTD., Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1202–63.

United States District Court
District of Columbia.

Sept. 25, 1964.

13. It is unnecessary to discuss the question of damages.

Rupert J. Brady, Washington, D. C., James R. McKnight, Chicago, Ill., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 15 U.S.C. § 1071(b) seeking an adjudication by this Court that plaintiff, Arrivals, Ltd., is entitled to register "2ND DEBUT" as a trademark for an aqueous moisturizing lotion used as a cosmetic.

Plaintiff's application, Serial No. 95,-865, was filed on April 27, 1960, and asserted use of "2ND DEBUT" as a trademark on its product since April 12, 1960. The Patent Office refused registration on the basis of language in 15 U.S.C. § 1052 (d), which prohibits registration of a "mark which so resembles a mark registered in the Patent Office * * *, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive". The prior trademark registrations relied upon for this purpose by the Patent Office are Reg. No. 200,218, issued June 30, 1925, and renewed, Reg. No. 200,677, issued July 7, 1925, and renewed, Reg. No. 420,-498, issued April 16, 1946, and Reg. No. 432,820, issued September 16, 1947, all for "LE DEBUT", and Regs. Nos. 236,110 and 236,111, both issued December 6, 1927, and both renewed, for "LE DEBUT NOIR".

Although 15 U.S.C. § 1071(b) entitles the plaintiff to a trial *de novo* on the question of likelihood of confusion, mistake, or deception, controlling precedent in the District of Columbia permits the District Court to overturn the decision of the Patent Office only when the evidence "carries thorough conviction" the Patent Office has erred. Esso Standard Oil Company v. Sun Oil Company, 97 U.S.App.D.C. 154, 229 F.2d 37, 42 (1956). In this same decision appears the kindred rule that "the newcomer will be refused registration should there exist any doubt as to the probability of confusion between the two trademarks".

It was undisputed at trial that the registered marks "LE DEBUT" and "LE DEBUT NOIR" are intended to be used on goods of the same character as "2ND DEBUT", and hence might be displayed side by side with them on the retailer's shelf. It was also undisputed, and is obvious from the circumstances, that the particular words selected for all the marks are arbitrary in character, and are not in any way descriptive of the properties of the goods involved.

The plaintiff's evidence consisted mainly of the argument that "2ND DEBUT" is intended to "suggest to the older woman through the use of this product she might recapture some of the appearance she had during her youth", whereas "LE DEBUT" suggests "the first introduction of a young lady into society" and "LE DEBUT NOIR" suggests "a young lady being first introduced in public dressed in black". The plaintiff also relied upon an assertion that no confusion among the three marks had occurred during the four years "2ND DEBUT" has been in use.

The Court has given this evidence considerable study but is constrained to find that it does not carry a "thorough conviction" the Patent Office has erred. There remains unrebutted, for example, the persuasive suggestion by the Solicitor that "2ND DEBUT" could easi-

ly be mistaken by a consumer for an additional but related product marketed by the manufacturer of "LE DEBUT". Additionally, the Court is compelled, under the authorities previously cited, to resolve doubts against the newcomer.

Accordingly, judgment will be entered for the defendant, and against the plaintiff, and the Complaint will be dismissed.

The above Opinion contains Findings of Fact and Conclusions of Law.